TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00045-CR






Quincey Dontee Dever, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 55078, HONORABLE JOE CARROLL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Quincey Dontee Dever pleaded guilty to possessing more than four grams
of cocaine with intent to deliver. See Tex. Health & Safety Code Ann. § 481.112(a), (d) (West
2003). He also pleaded true to the allegation of a previous felony conviction. The court adjudged
him guilty and sentenced him to twenty-three years in prison.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969).

Appellant also filed a pro se brief. In it, he urges that his guilty plea was involuntary
because the court erroneously told him that he was eligible for probation. Appellant argues that
because he admitted to a previous felony conviction, he was subject to a minimum fifteen-year
prison term and hence ineligible for probation. See Tex. Pen. Code Ann. § 12.42(c)(1) (West Supp.
2004); Tex. Code Crim. Proc. Ann. art. 42.12, § 3(e)(1) (West Supp. 2004).

The record reflects that the court first admonished appellant regarding the range of
punishment applicable to an unenhanced first-degree felony. The court then told appellant that if the
enhancement allegation were found true, the range of punishment would be fifteen years to life. 
Appellant expressed his understanding of the possible punishment ranges. Later, after confirming
that there was no plea bargain, the court told appellant, "[T]his would be an open plea where you
could be sentenced to the penitentiary or you could be placed on a probation. Is that your
understanding?" Appellant replied, "Yes, ma'am." (1) The court thereafter accepted appellant's pleas,
found that the evidence was sufficient to convict, and found the enhancement allegation to be true. 
The court then ordered a presentencing report. Six weeks later, appellant was adjudged guilty and
sentenced.

At the time the appellant was admonished and the possibility of probation was
mentioned, no finding had been made as to the truth of the enhancement allegation. Moreover, there
is no evidence that appellant's guilty plea was motivated by an expectation of probation, whether
based on the trial court's remark or his counsel's advice. To the contrary, the clerk's record contains
a letter appellant wrote to the trial judge following his conviction in which he states that he did not
expect to receive probation. Appellant's guilty plea is not shown by this record to be involuntary.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing
in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: September 23, 2004

Do Not Publish
1. Appellant's guilty plea was taken by the Honorable Martha J. Trudo.